IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY RESIL,

    Plaintiff,

v.                                                CASE NO. 4:12-cv-265-WS-GRJ

WAKULLA COUNTY JAIL, et al.,

    Defendants.

_____/

## ORDER

        This matter is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff filed his Complaint on June 14, 2011 in the Western District of Louisiana on the from used in that district for civil rights complaints for prisoner litigants for actions arising under 42 U.S.C. § 1983. The Western District of Louisiana transferred this action to this District. (Doc. 4.) The Complaint raises the same claims against the same defendants as Plaintiff raised in a lawsuit filed in the Tallahassee Division. *See,* case no. 4:11-cv314/RH/GRJ. The Court in that case dismissed the claims against the Wakulla County Jail and ICE because those defendants are not state actors subject to suit under § 1983. Plaintiff's claims against Defendants Major Jared Miller and Lisa Miller were dismissed without prejudice because Plaintiff failed to prosecute the case and failed to obey a Court order. The instant complaint is subject to the same fate.

        Identical to the previously dismissed case, Plaintiff brings claims under 42 U.S.C. § 1983 against the Wakulla County Jail, Major Jared Miller, Lisa Miller and the United States Immigration and Customs Enforcement ("ICE") for allegedly failing to provide him with adequate medical care in connection with a heart attack that he suffered in

November 2010 while incarcerated at the Wakulla County Jail.

Plaintiff is attempting to bring a deliberate indifference claim under the Eighth Amendment against the Defendants.  As the Court previously advised Plaintiff to establish an Eighth Amendment violation stemming from the deprivation of medical attention, a prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986).

Because Plaintiff is proceeding *pro se* the Court will give Plaintiff an opportunity to amend his Complaint to include further factual detail regarding his Eighth Amendment deliberate indifference claim.  In order to demonstrate a deliberate indifference claim, Plaintiff must include further detail with respect to the physical harm, if any, that he claims to have suffered and sufficient facts for the Court to determine whether Plaintiff actually suffered from an objectively serious medical need.  Plaintiff states he believed he was having a heart attack and that he experienced heavy breathing, dry mouth, a racing heartbeat, weak legs and tingling in his arms, but he

does not state whether he actually experienced a heart attack or if these symptoms instead resolved themselves.  Plaintiff also does not state what role, if any, Defendants Jared Miller and Lisa Miller played in the events he describes in his Complaint.  To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint.

Plaintiff is also advised that he cannot recover damages for pain and suffering unless he can demonstrate a physical injury that occurred as a result of the alleged violation of his constitutional rights by Defendants.  Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Thus Plaintiff "must demonstrate a physical injury that is more than *de minimis* in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody."  Hale v. Secretary for Dept. Of Corrections, 345 Fed. Appx. 489, 491 (11th Cir. 2009)(*per curiam*).

Plaintiff also cannot bring an Eight Amendment deliberate indifference claim under 42 U.S.C. § 1983 against ICE or the Wakulla County Jail.  ICE is a federal agency and, accordingly, would not constitute a state actor susceptible to suit for damages for a constitutional violation under Section 1983.  Hindman v. Healy, 278 Fed. Appx. 893, 895 (11th Cir. 2008)(*per curiam*)("Section 1983 dies not apply to federal actors acting under color of federal law.").  The Wakulla County Jail has no independent

legal existence and therefore is not an entity that is subject to suit under § 1983.  Logue v. Chatham County Detention Center, No. CV408-028, 2008 WL 895717, at *2 (S.D. Ga. Apr. 2, 2008)(county jail not an independent legal entity subject to suit under section 1983); Miller v. Benton County Jail, No. 06-5050, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006)(county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill.1993)(jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, No. 395cv608, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996).  Accordingly, Plaintiff should delete ICE and the Wakulla County Jail as Defendants when he amends his Complaint.

Accordingly, it is **ORDERED** that:

1. The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions.[1]

2. Plaintiff shall fully complete the complaint form.  In amending his Complaint, Plaintiff shall not refer back to the original Complaint or incorporate any part of the original Complaint by reference.  Plaintiff shall file the amended complaint, together with an identical copy of the amended complaint for each Defendant, **on or before July 20, 2012.**

3. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 22nd day of June 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] The Court notes that a recent mailing from the Clerk to Plaintiff was returned as undeliverable. (Doc. 8.) The address listed on the Plaintiff's Complaint is more than a year old. Therefore the Clerk is directed to update Plaintiff's address on the docket to reflect the address listed in Plaintiff's most recent change of address in Case No. 4:11-cv-314 (No. 4:11-cv-314 Doc. 10) and to send all future orders to that address.

*Case No: 4:12-cv-265-WS-GRJ*