IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY RESIL,

    Plaintiff,

v.                                                          CASE NO. 4:12-cv-265-WS-GRJ

WAKULLA COUNTY JAIL, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Complaint. (Doc. 1.) Plaintiff's original *pro se* Complaint alleged that Plaintiff received inadequate medical care for a heart attack he suffered while incarcerated at the Wakulla County Jail. This Court entered an Order directing the Clerk to send Plaintiff the prisoner civil rights form of this district, and directing Plaintiff to submit an amended complaint that eliminated some defendants and added additional detail regarding his claims. (Doc. 9.) Mail to Plaintiff was repeatedly returned as undeliverable, and Plaintiff never filed any update of his address with the Court. On July 6, 2012, the Court made a third effort to deliver to Plaintiff its order directing filing of an amended complaint, utilizing an address listed on the Florida Department of Corrections' website. (Doc. 11.) The deadline for filing an amended complaint was August 20, 2012. On August 22, 2012, Plaintiff filed a letter motion for extension of time to file his amended complaint. Plaintiff said that he had only recently received the court documents, and had spoken with a lawyer who is willing to represent him. The Court noted that the last order sent to Plaintiff was mailed over

six weeks prior to his motion, and there was nothing on the docket to indicate that the mailing was delayed.  (Doc. 13.)  Further, no attorney had yet filed an appearance on Plaintiff's behalf.  In light of the representations in Plaintiff's letter and his *pro se* status, however, the Court granted Plaintiff's motion for an extension of time to file an amended complaint, and set the deadline for that filing as September 10, 2012.  *Id.* Plaintiff was cautioned that no further extensions of time would be granted in the absence of good cause shown.

Plaintiff failed to file an amended complaint as directed and, accordingly, on September 17, 2012 the Court entered an order to show cause directing Plaintiff to show cause by October 1, 2012 as to why this case should not dismissed for failure to obey a directive of the Court and failure to prosecute. (Doc. 14.)  Plaintiff was advised in the Court's order to show cause that failure to comply would result in a recommendation to the district judge that this case be dismissed. As of the date of this report and recommendation, Plaintiff has failed to respond to the show cause order and has not filed any papers in this case since August 22, 2012.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for failure to comply with an order of the Court and for failure to prosecute.

**IN CHAMBERS**, at Gainesville, Florida, this 5rd day of October, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and

*Case No: 4:12-cv-265-WS-GRJ*

**recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**